UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JACK MILBRATH,

      Plaintiff,

v.

MATTHEW LINSENBIGLER, BRIAN
TRUDGEON and the DICKINSON
COUNTY SHERIFF'S DEPARTMENT,

      Defendants.
      _____/

File No.  2:07-cv-205

HON. ROBERT HOLMES BELL

# **O P I N I O N**

This matter is before the Court on a motion for summary judgment (Dkt. No. 11) filed by Defendants Matthew Linsenbigler, Brian Trudgeon and the Dickinson County Sheriff's Department.  Defendants seek summary judgment on the basis that Plaintiff's claims are barred under the doctrine of *res judicata*.[1]  For the reasons that follow, Defendants' motion will be granted.

### **I. Background**

In October of 2006, Plaintiff filed an amended complaint in the Circuit Court for the County of Dickinson (File No. D-06-14334-NI) against Defendants Linsenbigler and Trudgeon alleging that on October 23, 2005, Defendants arrested Plaintiff at his home and

---

[1] Throughout the rest of the opinion, where the parties refer to "res judicata," the Court will use the term "claim preclusion."  *See infra* note 2.

transported him to the Dickinson County Correctional Facility where he was "assaulted and battered" by Defendants. (Dkt. No. 11, Defs.' Mot. for Summ. J., Ex. A ¶¶ 7, 9.) Plaintiff alleged that these "reckless" actions constituted "gross negligence" that resulted in injury to Plaintiff. (*Id.* at ¶¶ 7-9, 11-13.) According to Plaintiff, Plaintiff's counsel moved to withdraw from the case on April 30, 2007, "prior to any substantial litigation taking place," and Plaintiff thereafter retained his current counsel. (Dkt. No. 24, Pl.'s Resp. to Mot. for Summ. J. 1.) On August 20, 2007, Plaintiff, acting *pro se*, signed a voluntary stipulation to dismiss his suit against Defendants with prejudice. (*Id.* at 1-2.) The stipulation to dismiss stated: "NOW COME the parties in pro per and by their Attorney, and hereby stipulate that the civil suit filed by Plaintiff against the Defendant be dismissed with prejudice." (Dkt. No. 13, Pl.'s Mot. for Summ. J., Ex. B.)

The Circuit Court entered the stipulation and ordered that the case be dismissed with prejudice on September 14, 2007. The order stated:

> Having read and previously filed the Stipulation, and the Court being otherwise fully advised in the premises;
>
> IT IS HEREBY ORDERED that the complaint and all amendments thereto, as to Defendants . . . be and the same hereby are dismissed with prejudice and without costs to any party. This resolves the last pending claim and closes the case.

(Dkt. No. 24, Defs.' Mot. for Summ. J., Ex. C.) Plaintiff claims that his intent in dismissing his state-court action was to nonsuit the case and bring his claims in federal court. (Dkt. No. 34, Pl.'s Resp. to Order to Show Cause 3.)

Plaintiff filed the complaint in the instant case on October 24, 2007, alleging that on

October 23, 2005, Defendants engaged in an "unreasonable seizure of Plaintiff" and "choked and/or failed to intervene in the choking of the Plaintiff, while Plaintiff was handcuffed." (Dkt. No. 1, Compl. ¶¶ 6, 8.) In addition, the complaint alleges that Defendants were "deliberately indifferent to the medical needs of the Plaintiff" in failing to provide "immediate medical attention after causing injury." (Dkt. No. 1, Compl. ¶ 15.) Plaintiff alleges that these acts violated his constitutional rights under the Fourth and Fourteenth Amendments of the U.S. Constitution. The complaint contains two counts under 42 U.S.C. § 1983 (one for excessive use of force and one for deliberate indifference to medical needs), and one count for indemnification against the Dickinson County Sheriff's Department as the alleged employer of Defendants Linsenbigler and Trudgeon.

On February 18, 2008, Defendants filed their motion for summary judgment. (Dkt. No. 11.) Plaintiff filed a response on May 7, 2008 (Dkt. No. 24), and Defendants filed a reply to Plaintiff's response on May 20, 2008 (Dkt. No. 30). On September 23, 2008, the Court issued an order for Plaintiff to show cause why the case should not be dismissed on the basis of claim preclusion under the "transactional test."[2] (Dkt. No. 33.) Plaintiff filed a response to the Court's order on October 3, 2008. (Dkt. No. 34.)

## II. Standard of Review

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to judgment

---

[2]*See* discussion *infra* Section III.C.

as a matter of law. In evaluating a motion for summary judgment the court must look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The court must construe the evidence and draw all reasonable inferences in favor of the nonmoving party. *Minges Creek, L.L.C. v. Royal Ins. Co. of Am.*, 442 F.3d 953, 955-56 (6th Cir. 2006) (citing *Matsushita*, 475 U.S. at 587). Defendants' sole asserted basis for summary judgment is that Plaintiff's claims are precluded under the doctrine of *res judicata*, or more accurately claim preclusion.[3]

---

[3]This Court prefers to use the terms claim preclusion and issue preclusion rather than *res judicata*. As instructed by the Supreme Court:

> Res judicata is often analyzed further to consist of two preclusion concepts: "issue preclusion" and "claim preclusion." Issue preclusion refers to the effect of a judgment in foreclosing relitigation of a matter that has been litigated and decided. This effect also is referred to as direct or collateral estoppel. Claim preclusion refers to the effect of a judgment in foreclosing litigation of a matter that never has been litigated, because of a determination that it should have been advanced in an earlier suit. Claim preclusion therefore encompasses the law of merger and bar . . . . In order to avoid confusion resulting from the two uses of "res judicata," this opinion utilizes the term "claim preclusion" to refer to the preclusive effect of a judgment in foreclosing relitigation of matters that should have been raised in an earlier suit.

*Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 77 n.1 (1984) (citations omitted). *See Heyliger v. State Univ. & Cmty. Coll. Sys. of Tenn.,* 126 F.3d 849, 852 (6th Cir. 1997) (distinguishing *res judicata* and expressing the "hope that future litigants, in the interests of precision and clarity, will formulate arguments which refer solely to issue or claim preclusion and which refrain from using the predecessors of those terms, whose meanings have become so convoluted") (quoting *Barnes v. McDowell*, 848 F.2d 725, 728 n.5 (6th Cir. 1988)).

### III. Analysis

Federal courts are required to give a state court judgment the same preclusive effect it would be given under the laws of the state that rendered the decision. 28 U.S.C. § 1738 ("The records and judicial proceedings of any court of any such State . . . shall have the same full faith and credit in every court within the United States . . . as they have by law or usage in the courts of such State . . . from which they are taken."); *Executive Arts Studio, Inc. v. City of Grand Rapids*, 391 F.3d 783, 795 (6th Cir. 2004). Because the judgment in the original action was entered in Michigan state court, this Court is bound to give preclusive effect to that judgment to the same extent that it would be given by a Michigan court. According to Michigan law, claim preclusion "bars a second, subsequent action when (1) the prior action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the matter in the second case was, or could have been, resolved in the first." *Executive Arts Studio*, 391 F.3d at 795 (quoting *Adair v. State*, 680 N.W.2d 386, 396 (Mich. 2004)).

**A. Adjudication on the Merits**

Claim preclusion requires that the prior action was decided on the merits. *Executive Arts Studio*, 391 F.3d at 795. The parties in the instant case stipulated to dismissal of the state action with prejudice. "A voluntary dismissal with prejudice acts as an adjudication on the merits for [claim preclusion] purposes." *Limbach v. Oakland County Bd.*, 573 N.W.2d 336, 340 (Mich. App. 1997). Plaintiff does not dispute the existence or validity of the stipulated dismissal of his state action; rather, Plaintiff argues that the stipulation should not operate as

5

an adjudication on the merits merely because it includes the words "with prejudice." Plaintiff contends that the dismissal was entered into apart from any settlement, in the early stages of the case before any decision on the merits was reached, and that Plaintiff entered into the stipulation because he intended to litigate his claims in federal court. (Dkt. No. 34, Pl.'s Resp. to Ct.'s Order 2.)

Relying on *Laude v. Cossins*, 55 N.W.2d 123, 124 (Mich. 1952), Plaintiff argues that a dismissal using the terms "with prejudice" does not always operate to preclude future litigation on the merits. In *Laude v. Cossins*, the Michigan Supreme Court determined that a dismissal by a court would not preclude a second action under the doctrine of *res judicata*, even though the court's order stated that the dismissal was "with prejudice," because the judgment went to the "form of the action, defect of pleading or to jurisdiction" rather than to the merits. *Id.* The original action in *Laude* was dismissed for lack of jurisdiction and abuse of process. *Id. Laude* is distinguishable, however, because in that case the court entered judgment based upon a motion to dismiss, rather than on the parties' voluntary stipulation. In effect, Plaintiff asks this Court to ignore the terms of a stipulation of dismissal that were voluntarily agreed to by Plaintiff.

Plaintiff also contends that stipulations of dismissal usually arise when they are "clearly a decision on the merits and should operate to bar further litigation." (Dkt. No. 34, Pl.'s Resp. to Ct.'s Order 2.) However, Plaintiff points to no applicable law or decision indicating that the timing of, or the circumstances underlying, a voluntary stipulation to dismiss with

prejudice are relevant for determining whether to give it preclusive effect for purposes of claim preclusion.[4] Numerous published and unpublished decisions by Michigan courts state the rule, without qualification, that a stipulation to dismiss with prejudice acts as an adjudication on the merits. *See, e.g., Limbach*, 573 N.W.2d at 340; *Brownridge v. Mich. Mut. Ins. Co.*, 321 N.W.2d 798, 799 (Mich. App. 1982);[5] *Bogue v. Mich. Police Equip.* Co., No. 278710, 2008 WL 2812149, at *2 (Mich. App. July 22, 2008); *Gross v. Landin*, No. 246282, 2004 WL 1908124, at *4 (Mich. App. Aug. 26, 2004); *Nicol v. Sinai Hosp. of Detroit*, No. 207831, 1999 WL 33447035, at *1 (Mich. App. Apr. 16, 1999). Moreover, the Court must look to the terms of the stipulation and judgment to determine their meaning and effect.[6] On their face, the stipulation and judgment bar subsequent litigation; there is no indication in

---

[4] Certain circumstances underlying the *formation* of a stipulation to dismiss may be relevant where a party seeks to vacate or modify a judgment entered on the stipulation due to "mistake, inadvertence, surprise, or excusable neglect," or where a party argues that a stipulation is invalid because of "mistake, fraud, or unconscionable advantage." *See Limbach*, 573 N.W.2d at 339. However, Plaintiff does not seek relief from the judgment of the state court, and does not allege that the stipulation is invalid.

[5] The opinion in *Brownridge* (cited by *Limbach*) cites *Astron Indus. Assocs., Inc. v. Chrysler Motors Corp.*, 405 F.2d 958 (5th Cir. 1968), for this rule. *Astron* states that "a stipulation of dismissal with prejudice, or, for that matter, a dismissal with prejudice at any stage of a judicial proceeding, *normally* constitutes a final judgment on the merits which bars a later suit on the same cause of action." *Id.* at 960 (emphasis added). Plaintiff argues that the qualifier "normally" means that the rule is not absolute; however, the court in *Astron* applied the rule without further elaboration regarding any possible exceptions.

[6] "Judgments entered pursuant to the agreement of the parties are in the nature of a contract." *Gramer v. Gramer*, 523 N.W.2d 861, 862 (Mich. App. 1994). Contractual language is interpreted according to the intent of the parties; where the language is unambiguous, the meaning is a question of law and the intent must be discerned from the words used in the instrument. *Moore v. Campbell, Wyant & Cannon Foundry*, 369 N.W.2d 904, 906 (Mich. App. 1985).

either the judgment or the stipulation that the parties intended the dismissal to be *without prejudice* to another action.

For the foregoing reasons, the Court finds that Plaintiff's stipulation in his state action to dismiss his claims with prejudice constituted an adjudication on the merits for purposes of claim preclusion.

B. **Privity of the Parties**

With respect to the parties involved in the two actions, they are the same, except that in the instant case, Plaintiff has added the Dickinson County Sheriff's Department as an additional defendant. In Michigan, the "sheriff's department" does not exist as a legal entity that can be sued. *Hughson v. County of Antrim*, 707 F. Supp. 304, 306 (W.D. Mich. 1988) ("Michigan is a jurisdiction in which the sheriff and prosecutor are constitutional officers, and there does not exist a sheriff's department or a prosecutor's office.") (citing Mich. Const. Art. 7, § 4). To the extent that Plaintiff's claims against the Dickinson County Sheriff's Department could be construed as claims against the municipality, the Court notes that Plaintiff's state action also included claims against Defendants in their "official capacities." Such claims may also be construed as claims against the municipality. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978)). *But see Lawson v. Bouck*, 747 F.Supp. 376 (W.D. Mich. 1990) (determining that, in the Sixth Circuit,

the identity of the real party in interest in suits against government officials is determined by the nature of the official's actions, not the pleading). Moreover, Michigan courts have held that where a suit against an agent is unsuccessful, the plaintiff cannot maintain a suit against the agent's principal. *See DePolo v. Greig*, 62 N.W.2d 441, 444 (Mich. 1954) (quoting *Krolik v. Curry*, 111 N.W. 761, 764 (Mich. 1907)). In any event, Plaintiff appears not to contest the issue of the privity of the parties. For the foregoing reasons, the Court finds that Plaintiff's complaint in this case does not add a new party that would destroy privity for claim preclusion purposes.

  **C. Identity of Claims**

Finally, though Plaintiff's complaint in this case raises new legal claims that were not brought in his state-court complaint, Michigan courts have construed claim preclusion as applying both to claims actually raised in the prior action and to "every claim arising out of the *same transaction* which the parties, exercising reasonable diligence, *could have raised* but did not." *Limbach*, 573 N.W.2d at 340 (quoting *Sprague v. Buhagiar*, 539 N.W.2d 587, 589 (Mich. App. 1995)) (emphasis added). Thus, the fact that the state-court complaint did not raise identical claims is not determinative–the issue is whether the claims in both suits arose out of the "same transaction." *See id*.

Defendants argue that both actions arise out of the same transaction because the same facts and evidence would sustain both actions, citing *Schwartz v. City of Flint*, 466 N.W.2d 357 (Mich. App. 1991). While the "same evidence" test referenced by Defendants examines

whether "the evidence needed to sustain the second suit would have sustained the first, or if the same facts were essential to maintain both actions," *Adair*, 680 N.W.2d at 397, the Court notes that Michigan courts have approved an alternate test that is even broader than the evidence test. *Id.* Michigan courts also apply the "transactional test," which examines whether "different kinds or theories of relief still constitutes a single cause of action if a single group of operative facts give rise to the assertion of relief." *Id.* (quoting *River Park, Inc. v. City of Highland Park*, 703 N.E.2d 883, 891 (Ill. 1998)). Under the transactional test, "[w]hether a factual grouping constitutes a transaction for purposes of res judicata is to be determined pragmatically, by considering whether the facts are related in time, space, origin or motivation, [and] whether they form a convenient trial unit . . . ." *Id.* (citations and emphasis omitted); *accord Washington v. Sinai Hosp. of Greater Detroit*, 733 N.W.2d 755, 760 (Mich. 2007); *see also Reid v. Thetford Twp.*, 377 F. Supp. 2d 621, 627 (E.D. Mich. 2005) (applying the foregoing Michigan claim preclusion standards).

In this case, the "transaction" is Defendants' conduct in connection with Plaintiff's arrest and detention on October 23, 2005. In the state-court complaint, Plaintiff alleged that Defendants assaulted and battered him while he was handcuffed in the Dickinson County Correctional Facility, leading to "bruising and other physical injury" to Plaintiff's "head, neck and face." (Dkt. No. 11, Defs.' Mot. for Summ. J., Ex. A.) In the complaint filed with this Court, Plaintiff alleges that Defendants "choked and/or failed to intervene in the choking of the Plaintiff, while Plaintiff was handcuffed," and that Defendants failed to provide Plaintiff

10

"with immediate medical attention." (Dkt. No. 1, Compl. ¶¶ 6, 15.) Both complaints appear to be based on the same transaction; moreover, Plaintiff concedes that the two complaints are based on the same occurrence. (Dkt. No. 34, Pl.'s Resp. to Order to Show Cause 3.)

Plaintiff contends that claim preclusion does not apply because the two complaints are based on "separate wrongs": one complaint alleged gross negligence and carelessness as the cause of injuries, and the other complaint alleged violation of constitutional rights. However, claim-preclusion analysis under the transactional test examines the similarity of the facts underlying the two actions, not the claims that were raised. *Adair*, 680 N.W.2d at 398.

Plaintiff also contends that claim preclusion only applies to claims that have *actually* been litigated, and because Plaintiff did not actually raise constitutional rights claims in the state court action, he should not be precluded from pursuing those claims in this Court. In support of this argument, Plaintiff cites case law interpreting the Anti-Injunction Act, 28 U.S.C. § 2283, which provides that federal courts may only enjoin state court actions in limited circumstances.[7] *See Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140 (1988); *Jones v. The St. Paul Cos., Inc.*, 450 F. Supp. 2d 1003 (D. Minn. 2006). However, these cases are not applicable, because the injunction of a state court action is not at issue in this case. Moreover, this Court must follow Michigan precedent applying claim preclusion broadly to claims that

---

[7]Title 28, section 2283 of the United States Code provides that:

A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

*could have been* resolved, not merely those that were *actually* litigated and resolved. *Adair*, 680 N.W.2d at 396.

Finally, Plaintiff contends that claim preclusion should not apply because the relief available in this case, namely attorney's fees under 42 U.S.C. § 1988,[8] was not available under the negligence claims brought in the state court action. However, claims for relief under § 1983 are not exclusive to federal courts. *See Dep't of Treasury v. Campbell*, 411 N.W.2d 722, 723 (Mich. App. 1986) ("State courts have concurrent jurisdiction over § 1983 claims.") Plaintiff could have sought such relief in his state-court action.

Thus, the claims in Plaintiff's complaint are those which Plaintiff, exercising reasonable diligence, could have raised in his state action. For the foregoing reasons, the Court finds that, as a matter of summary judgment, the claims raised by Plaintiff in his complaint are barred by claim preclusion. An order consistent with this opinion will be entered.

Date:   October 8, 2008             /s/ Robert Holmes Bell
                                    ROBERT HOLMES BELL
                                    UNITED STATES DISTRICT JUDGE

---

[8] Title 42, section 1988(b) of the United States Code reads, in pertinent part:

In any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs . . . .